UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA M. HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>    Defendants. | No. 1:20-cv-01233-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF NO. 20)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Delia M. Hayes ("Plaintiff"), proceeding *pro se*, filed a complaint at the Superior Court of California, County of Fresno, on June 23, 2020, commencing this action. (ECF No. 1-1). On September 1, 2020, Defendants Costco Wholesale Corp. ("Costco"), Paul Cano ("Cano"), and Jim Harris, Jr. ("Harris," and together, "Defendants") removed the action to this Court, asserting federal question jurisdiction. (ECF No. 1). This case is proceeding on Plaintiff's first amended complaint, filed on December 8, 2020. (ECF No. 19). Before the Court is Defendants' motion to dismiss, filed on December 9, 2020, (ECF No. 19), which District Judge Drozd referred to the undersigned on January 6, 2021, (ECF No. 24).

Having reviewed the first amended complaint, the motion to dismiss, Plaintiff's opposition filed on December 22, 2020 (ECF No. 21) and Defendants' reply, filed on December 31, 2020 (ECF No. 22), the Court recommends granting Defendants' motion to dismiss.

///

## I. SUMMARY OF FIRST AMENDED COMPLAINT

The first amended complaint alleges as follows:

Plaintiff is legally blind in her left eye. She has poor depth perception, severe myopia, diabetic macular degeneration and congenital amblyopia in her left eye. As such, Plaintiff's bodily movements are "perceptively off[.]"

Plaintiff, then a Costco member, was shopping at a Costco in Fresno, California on April 9, 2018 with her daughter. She inadvertently ran into another Costco shopper, whom she defines as "Male predator 1 (MP1)." She explained that she is blind and did not see the male shopper. Yet another shopper, whom Plaintiff defines as "Female Predator 1 (FP1)," was apparently unsatisfied and argued with Plaintiff. The female shopper yelled profanity at Plaintiff when very close to her. Plaintiff asked a Costco employee to call the manager for assistance. That employee did not call the manager. One or two other Costco employees approached the other two shoppers and asked what happened.

Plaintiff "believed she was in [im]minent danger and did nothing more than to protect herself."

Plaintiff was unable to identify any witnesses to the interaction due to her vision impairments. She did hear a Costco employee take a statement from a witness, who gave inaccurate information. Plaintiff told that witness that making a false claim in a police report can result in a felony conviction. The witness recanted the inaccuracies in his statement.

Plaintiff attempted to walk away from the scene. However, she was stunned and suffered from overloaded sensory stimulation, affecting her vision and equilibrium. She sought assistance from the manager, Harris. Plaintiff asked Harris to let her stay in the office until the police arrived. Harris said no and "failed to offer any action resembling a reasonable accommodation or duty of care and insisted that the Plaintiff wait outside the office." A different Costco employee insisted that Plaintiff be permitted to stay in Harris's office.

Plaintiff asked Harris for permission to view the warehouse security video. Harris did not permit Plaintiff to do so and said she "would never get her [sic] hands on that video."

///

Costco management and employees did not appear to follow a business process to investigate or assist with the incident and had little or no supervision.

Fresno Police Department officers arrived. Plaintiff asked to go to her car to get her blood sugar monitor and white cane. She was informed she was being detained. Plaintiff could not identify whether she was being affected by a hypoglycemic or hyperglycemic incident because she was not able to access her medical equipment. "Plaintiff had to stop her pump from operating without medical evaluation of her blood sugar via the appropriate medical devices."

Plaintiff was not permitted to return a 70-inch HDTV. Cano and Harris "denied the plaintiff from receiving benefits that she had purchased and were guaranteed by Costco," including returning the TV, a cash-back dividend check, and certain automotive maintenance.

Plaintiff has suffered emotional injuries due to Defendants' conduct. Plaintiff's membership was revoked. Plaintiff was charged with criminal offenses, which were subsequently dismissed.

The first amended complaint lists its claims for relief under the Fourteenth Amendment, Title III of the Americans with Disabilities Act ("ADA"), and the Unruh Civil Rights Act.

Plaintiff also filed a memorandum in support of the first amended complaint. (ECF No. 19-1). It discusses the ADA and the Unruh Act.

**II.     SUMMARY OF ARGUMENTS**

Defendants filed a motion to dismiss on December 9, 2020, arguing that the first amended complaint should be dismissed on two bases. (ECF No. 20). First, the Fourteenth Amendment claim should be dismissed because no Defendants are state actors. (ECF No. 20-1 at 10-11). Second, Plaintiff's ADA and Unruh Act claims fail because Plaintiff has not adequately alleged in what manner Defendants discriminated against her. (*Id.* at 11-15).

Plaintiff filed an opposition on December 22, 2020. (ECF No. 21). She argues that Costco failed to make reasonable accommodations, to remove architectural barriers, and to provide auxiliary aids and services. She further argues that Harris and Cano misled the Fresno Police Department by omitting information about Plaintiff's disabilities.

///

Defendants filed a reply on December 31, 2020. (ECF No. 22). It argues that Plaintiff concedes that she has no section 1983 claim and provides a chart with types of Title III claims and types of allegations necessary to support them.

**III.   LEGAL STANDARDS**

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Iqbal*, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in *Conley*, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**IV.   ANALYSIS**

   **A.   Claim Under 42 U.S.C. § 1983 for Fourteenth Amendment Violation**

Defendants argue that they are not state actors and thus cannot be held liable under 42 U.S.C. § 1983 for violating Plaintiff's Fourteenth Amendment rights. Although Plaintiff's opposition mentions this argument, it does not provide any argument against it.

The Court finds Plaintiff has conceded this argument. *See Columbia Sussex Mgmt., LLC v. City of Santa Monica*, No. 2:19-CV-09991, --- F. Supp. 3d ----, 2020 WL 5358505, at *9 (C.D. Cal. Aug. 28, 2020) ("Failure to oppose constitutes a waiver or abandonment of the issue."); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quoting *Sportscare of America, P.C. v. Multiplan, Inc.,* No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)).

Nevertheless, addressing the issue on the merits, Defendants are correct that Plaintiff fails to state a claim under section 1983. "To state a claim under § 1983, [Plaintiff] must allege a violation of [her] constitutional rights and show that the defendant's actions were taken under color of state law." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011) (cleaned up). "Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (internal quotation marks and citation omitted); *accord Hoskins v. F.C.C.*, 12 F. App'x 540, 541

(9th Cir. 2001) ("The district court properly dismissed Hoskins' section 1983 claims against the remaining defendants because private parties are not generally acting under color of state law").

Plaintiff has not made any allegations that relate to Defendants being state actors or that otherwise indicate their actions were taken under color of state law. Although private individuals and entities can be state actors for section 1983 purposes in some occasions, *see Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747-48 (9th Cir. 2020) (discussing different tests for finding state action), none of the exceptions apply here.

Therefore, the Court finds that Plaintiff fails to state a claim under Section 1983.

### B.     Americans with Disabilities Act Claim

Plaintiff's second listed claim was under Title III of the ADA. Under the claim for relief heading, after realleging her previous allegations, Plaintiff's first amended complaint states:

> 44. Defendants prevented Plaintiff from Title III authorities prohibiting discrimination on the basis of disability in the activities of places of public accommodations. Such places of public accommodation must keep products, services and areas accessible for the qualified persons protected by Title III definitions.
>
> 45. Defendants. conduct constituted discrimination on the basis of Plaintiffs real or perceived disability in violation of 42 U.S. Code § 12182 Prohibition of discrimination by public accommodations.

(ECF No. 19 at 10) (as in original).

In their motion to dismiss, Defendants argue that there are specific ways Title III of the ADA can be violated but that the first amended complaint does not provide them with notice of how they are alleged to have violated it. (ECF No. 20-1 at 11-14). Thus, according to Defendants, Plaintiff failed to provide them with "fair notice of the claims against them as required by *Twombly*, 550 U.S. at 555." (ECF No. 20-1 at 13).

In her opposition, Plaintiff argues generally that her complaint relates to a failure to remove barriers, a failure to make reasonable accommodations, and a failure to provide auxiliary aids and services. (ECF No. 21 at 6-7) ("[O]n April 9, 2018, (1) Costco Wholesale Corporation and its business and private actors failed to make reasonable accommodations under 42 U.S.C. § 12182(b)(2)(A)(ii); (2) Costco Wholesale Corporation's failure to remove barriers under 42

6

U.S.C. § 12182(b)(2)(A)(iv); and (3) Costco Wholesale Corporation's failure to provide auxiliary aids and services under 42 U.S.C. § 12182(b)(2)(A)(iv)").

In their reply, Defendants provide a chart that identifies four types of claims that may be brought under Title III and the types of necessary facts they argue that Plaintiff failed to allege. (ECF No. 22 at 4).

The complaint itself does not clearly establish what aspects of Title III Plaintiff believes were violated. Paragraphs 44 and 45 of the complaint, quoted above, contain such broad language that they do not itself provide Defendants with notice of the alleged violations. The Court turns, then, to the grounds listed in Plaintiff's brief opposing the motion to dismiss: barriers, reasonable accommodations, and auxiliary aids and services.

To the extent Plaintiff's claims concern physical barriers, Defendants argue that Plaintiff has not provided them with notice of what barriers were noncompliant with the ADA and cite to *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011). (ECF No. 22 at 7). In *Oliver*, the Ninth Circuit held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Id.* at 909.

Plaintiff has not done so. Plaintiff attaches to her complaint a letter to Costco that complains about crowds in various aisles near the refrigerators. However, there are no allegations about this in the First Amended Complaint, or any allegations that Plaintiff encountered these barriers herself.  The Court does not understand the connection between this allegation and the incident described in the First Amended Complaint

To the extent Plaintiff complains about a failure to make reasonable accommodations,[1] it is not clear what reasonable accommodations were necessary. Plaintiff states that Harris did not permit her to sit in an office or "offer any action resembling a reasonable accommodation," (ECF No. 19 at 6), but that conclusory allegation does not satisfactorily allege disability discrimination.

Finally, to the extent Plaintiff complains about auxiliary aids and services, the first

---

[1] "Although Title III of the ADA uses the term 'reasonable modification' rather than 'reasonable accommodation,' these terms do not differ in the standards they create." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004) (cleaned up).

7

amended complaint suffers from similar defects: it is not clear what auxiliary aids and services she believes she was entitled to, nor is it clear how Defendants' failure to provide those aids and services constituted discrimination.

In sum, the first amended complaint does not provide Defendants with sufficient notice of their alleged violations of the ADA. Therefore, the claim should be dismissed.

### C. Unruh Act

Defendants argue that Plaintiff's Unruh Act claim should be dismissed because it relies upon some unspecified ADA violation. (ECF No. 20-1 at 14). Plaintiff appears to agree that her Unruh Act claim is derivative of her ADA claim, as she responded that ADA violations are also Unruh Act violations. (ECF No. 21 at 6). Because Plaintiff's ADA claim should be dismissed, so too should her derivative Unruh Act claim. *See Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 853 (S.D. Cal. 2020) ("As explained above, Plaintiffs have failed to state a Title III claim against the Dockless Vehicle Defendants. Thus, to the extent Plaintiffs' Unruh Act claim against these defendants is premised on a violation of the ADA, it fails for the same reason that Plaintiffs' Title III claim fails.").

## V.  LEAVE TO AMEND

Neither party makes any specific request or recommendation concerning leave to amend.

The Court notes that Plaintiff has already filed an amended complaint. Moreover, Plaintiff appears to have no basis to allege any Defendants were state actors, even after Defendants provided the relevant legal standards in their initial motion to dismiss. Thus, the Court recommends denying leave to amend with respect to any Section 1983 claims.

Although the Court would be within its discretion to deny leave to amend Plaintiff's Americans with Disabilities Act and Unruh Act claims, the Court recommends granting leave to amend with respect to those claims only. As discussed above, Plaintiff's complaint makes vague allegations regarding barriers and reasonable accommodations, but does not describe what they are or how they relate to the allegations in her complaint. It is not clear that Plaintiff can cure these issues in an amended complaint, but given that Plaintiff is *pro se*, the Court recommends granting Plaintiff one more opportunity to amend her complaint as to the ADA and Unruh Act

claims, with the benefit of the standards provided herein, if she so chooses.

## VI.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1) Defendants' motion to dismiss (ECF No. 20) be GRANTED; and

2) Plaintiff's first amended complaint be dismissed, with leave to amend only with respect to Plaintiff's claims under the Americans with Disabilities Act and the Unruh Act.[2]

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 11, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court recommends that Plaintiff be given 30 days from the date of the ruling by the District Judge on Defendant's motion to dismiss to amend her complaint if she so chooses.